UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LENIS L SOWELL, II,

          Plaintiff,

v.                                                        Case No. 23-cv-0096-bhl

DAVID NOCENTI and WISCONSIN RESOURCE
CENTER,

          Defendants.

## SCREENING ORDER

      On September 9, 2022, during an appointment at the Wisconsin Resource Center, *pro se* Plaintiff Lenis L. Sowell II received what he thought was his prescribed medication. (ECF No. 1 at 2.) He spent the next month in a coma. (*Id.*) Apparently, someone made a major mistake. This lawsuit is Sowell's attempt to hold two named defendants liable for that mistake. His complaint makes claims against the Wisconsin Resource Center (WRC) and Nurse David Nocenti under 42 U.S.C. Section 1983. (ECF No. 1.) He has also moved for leave to proceed without prepayment of the filing fee. (ECF No. 2.)

      The Court has authority to allow a litigant to proceed without prepaying the filing fee if it determines that the litigant is unable to pay the costs of commencing the action, and the action is not frivolous, states a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2). Sowell alleges that between Social Security and FoodShare, he receives $770.35 a month. (ECF No. 2 at 2.) His monthly expenses total $540. (*Id.* at 2-3.) And he has a bank account with $5 in it. (*Id.* at 3.) On these facts, the Court finds Sowell sufficiently indigent for a fee waiver.

      In its current state, however, Sowell's complaint does not state a claim for relief in federal court. He pleads very serious facts, but he does not supply a basis for federal claims against these two defendants. To begin with, a claim under Section 1983 requires the plaintiff to identify a person acting under color of law who violated his federal rights. *See* 42 U.S.C. §1983; *Gibson v. City of Chi.*, 910 F.2d 1510, 1519-20 (7th Cir. 1990). Typically, this means a plaintiff is suing

public employees and municipalities. *See Gibson*, 910 F.2d at 1519. But Sowell's complaint sues the WRC, an accredited health services facility managed by the Wisconsin Department of Health Services in partnership with the Wisconsin Department of Corrections. *Wisconsin Resource Center*, WIS. DEP'T. OF HEALTH SERVS. (Oct. 24, 2022), https://www.dhs.wisconsin.gov/wrc/index.htm. State agencies are not "persons" for purposes of a Section 1983 claim seeking monetary relief, so it appears that WRC is not a proper defendant. *See Gleason v. Bd. of Educ.*, 792 F.2d 76, 79 (7th Cir. 1986); *Powers v. Summers*, 226 F.3d 815, 819 (7th Cir. 2000). There is also no allegation that Nurse Nocenti is a public employee.

Additionally, while Sowell alleges that someone committed medical malpractice, a malpractice claim arises under state law and is not itself a constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." *Id.* at 105. The facts in Sowell's complaint amount to negligence, which is an insufficient basis for a Section 1983 claim. *See Rice ex rel. Rice v. Correctional Med. Servs.*, 596 F.Supp.2d 1208, 1224 (N.D. Ind. 2009). And if negligence is Sowell's only claim, this Court does not have jurisdiction over his case, which would need to be filed in state court instead.

Exactly what standard Sowell needs to satisfy to make a constitutional issue of his plight is also unclear because his complaint does not explain the circumstances surrounding his visit to the WRC. Per its website, WRC provides treatment "for state prison residents in need of specialized mental health services." *Wisconsin Resource Center*, WIS. DEP'T. OF HEALTH SERVS. (Oct. 24, 2022), https://www.dhs.wisconsin.gov/wrc/index.htm. Sowell does not say if he was an inmate at the time he visited WRC. In fact, he filed his case using the Eastern District of Wisconsin's template for non-prisoners without lawyers. (ECF No. 1 at 1.) But there is nothing in the complaint that suggests that WRC treats anyone besides prisoners. This is important because different constitutional standards apply to the medical care provided prisoners, civilians, and pretrial detainees. *See Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). Without knowing more, the Court cannot hope to determine whether Sowell has met the specific standard his case implicates.

Flaws to one side, the complaint might state a claim with sufficient elaboration. Accordingly, and because Sowell is *pro se*, the Court will give him "an opportunity to amend his complaint." *Orozco v. Butler*, F. App'x 365, 369 (7th Cir. 2019). Sowell with have 14 days from

the date of this order to file an amended complaint that properly pleads the facts relevant to his claim and names an appropriate defendant. If he does not do so, the Court will dismiss the case with prejudice.

**IT IS HEREBY ORDERED** that Plaintiff Lenis L. Sowell II's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, will be held under consideration to allow Sowell time to file an amended complaint.

**IT IS FURTHER ORDERED** that Sowell's complaint is **DISMISSED** with leave to amend. If he wishes to pursue his claims, Sowell must file an amended complaint, on or before **February 14, 2023**. The amended complaint should contain the facts relevant to Sowell's claim and name a proper defendant. Failure to timely file the amended complaint will result in dismissal with prejudice.

Dated at Milwaukee, Wisconsin on January 30, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge