UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LENIS L SOWELL, II,

          Plaintiff,

    v.                                         Case No. 23-cv-0096-bhl

DAVID NOCENTI and WISCONSIN RESOURCE
CENTER,

          Defendants.

## SCREENING ORDER

On January 25, 2023, *pro se* Plaintiff Lenis L. Sowell II filed a complaint against Defendants David Nocenti and Wisconsin Resource Center. (ECF No. 1.) That same day, he moved for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On January 30, 2023, the Court screened Sowell's complaint pursuant to 28 U.S.C. Section 1915. (ECF No. 5.) The Court concluded that Sowell had established indigency, but his complaint did not state a claim for relief. (*Id.*) Accordingly, the Court dismissed the complaint and granted Sowell leave to file an amended complaint that adequately pled a federal claim. (*Id.*) On February 7, 2023, he responded. (ECF No. 6.) Unfortunately, his amended complaint is arguably more defective than the original. The Court will, therefore, deny Sowell's pending motion for leave to proceed without prepayment of the filing fee and, once again, dismiss his complaint, this time with prejudice.

The Court has authority to allow a litigant to proceed without prepaying the filing fee if it determines that the litigant is unable to pay the costs of commencing the action, and the action is not frivolous, states a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2). Sowell's amended complaint cites several laws—24 U.S.C. Section 328, second-degree manslaughter, and medical malpractice—but none plausibly entitle him to relief. Section 328 requires mentally ill nationals returned from foreign countries to contribute toward the cost of their hospitalizations. It empowers the United States to bring judicial proceedings to recover such costs. 24 U.S.C. §328(a). It does not create a private right of action for litigants like Sowell. Second-degree manslaughter (or second-degree intentional homicide as Wisconsin refers

to it) is a criminal law that Sowell lacks authority to enforce. *See* Wis. Stat. §940.05. And while medical malpractice is a valid civil claim under Wisconsin law, *see* Wis. Stat. §893.55, it does not trigger this Court's federal question jurisdiction, nor does the amended complaint allege facts sufficient to satisfy the requirement of diversity jurisdiction. Thus, this Court cannot entertain that claim. *See Douglas v. Ducomb Cntr.*, 28 F. App'x 562, 563 (7th Cir. 2002). To the extent Sowell means to pursue his medical malpractice claim via 42 U.S.C. Section 1983, that avenue is also closed. The facts he alleges amount to negligence, which is an insufficient basis for a Section 1983 claim. *See Rice ex rel. Rice v. Correctional Med. Servs.*, 596 F.Supp.2d 1208, 1224 (N.D. Ind. 2009).

Other portions of Sowell's amended complaint raise questions about his general competency. He opens with a slightly inaccurate recitation of the Pledge of Allegiance and then provides a bulleted list of American monuments, *i.e.*, the Statue of Liberty and Memorial Wall. (ECF No. 6 at 4.) He also includes a drawing of what appears to be the Eye of Providence. (*Id.*) Later, he takes credit for composing Digital Underground's hit song "The Humpty Dance" and writing the television series *24*. (*Id.* at 13.) These delusional non-sequiturs convince the Court that any further attempt at amendment would prove futile. *See Leon v. United States*, No. 22-1770, N. 22-1785, 2022 WL 17413556, at *1 (7th Cir. Dec. 5, 2022).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Lenis L. Sowell II's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **DENIED**, and Sowell's Amended Complaint, ECF No. 6, is **dismissed with prejudice**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 8, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge